# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DAVIS LANDSCAPE, LTD., a Pennsylvania corporation, individually and on behalf of others similarly situated, | ) ) ) ) | |
| Class Plaintiff, | ) ) | No. |
| v. | ) ) | |
| HERTZ EQUIPMENT RENTAL CORPORATION, | ) ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) | |

## CLASS ACTION COMPLAINT

Plaintiff Davis Landscape, Ltd., ("Davis" or "Plaintiff"), individually and on behalf of others similarly situated, files this Class Action Complaint against defendant Hertz Equipment Rental Corporation ("Hertz Equipment," the "Company" or "Defendant"), and alleges as follows:

## INTRODUCTION

1. This is a class action suit brought on behalf of Plaintiff and others similarly situated who rented equipment from Hertz Equipment and were charged a "Loss and Damage Waiver" ("LDW").

2. Hertz Equipment is one of the largest full-service equipment companies in the United States, specializing in rentals and sales of used equipment with related merchandise, parts, supplies and related services. Hertz Equipment also offers a comprehensive line of equipment and related services to a broad range of construction, industrial and homeowner customers.

3. Hertz Equipment has a policy of automatically adding a "Loss and Damage Waiver" charge (or "LDW" as it appears on its invoices) to all of its rental contracts.[1] This charge is deceptive and unconscionable practices in violation of New Jersey law. Specifically, the LDW charge constitutes a universally condemned "negative option" in that the customer is charged a LDW unless they expressly ask not to be "sold" the LDW.[2]

4. New Jersey law applies to the claims of the Plaintiff and the putative Class because Hertz Equipment's form Rental Agreement contains a Governing Law provision mandating that the Agreement shall be governed and construed by the laws of the State of New Jersey. Hertz Equipment's conduct violates New Jersey law.

## PARTIES

5. Davis is a Pennsylvania Corporation with its principal place of business in Harrisburg, Pennsylvania. Within the applicable statute of limitations period(s), Plaintiff rented equipment from Hertz Equipment and was charged improper LDW charges and/or Environmental Recovery Fees.

---

[1] Hertz Equipment's form contracts likewise contain an "Environmental Recovery Fee", which also is not optional. Plaintiff believes that the money paid to Hertz Equipment as Environmental Recovery Fees is not used by Hertz Equipment for "environmental-related" activities. Further, Plaintiff believes that the Environmental Recovery Fee is not a tax or other obligation which is imposed by any federal or state agency on the consumer, and is not mandated by any state or federal agency.

Plaintiff will pursue discovery on this charge, too, and may seek leave to expand its complaint and class definition to include all persons who were charged an "Environmental Recovery Fee" when renting from Hertz Equipment.

[2] Plaintiff also believes that the LDW provides *de minimis* (if not illusory) benefits in that Hertz Equipment broadly interprets the LDW's exclusions so as to limit coverage and/or exclude claims. Plaintiff intends to pursue discovery on this issue, too, and may seek leave to amend its complaint accordingly.

2

6. Hertz Equipment maintains its principal place of business in Park Ridge, New Jersey. In addition to New Jersey, Hertz Equipment owns and operates stores in 39 other states (Alabama, Arizona, Arkansas, California, Colorado, Delaware, Florida, Georgia, Illinois, Indiana, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Nebraska, Nevada, New Mexico, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Carolina, Tennessee, Texas, Utah, Vermont, Virginia, Washington, West Virginia and Wisconsin).

## JURISDICTION AND VENUE

7. This action is brought as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

8. There are more than 100 class members, and the damages suffered and sought to be recovered herein total, in the aggregate, in excess of $5,000,000.

9. This Court has jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332 (2005).

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391. The causes of action asserted herein occurred and/or accrued, among other places, in Park Ridge, New Jersey. Venue is also appropriate in this Court because Defendant owns and/or operate one or more rental equipment stores in New Jersey. In addition, Defendant's unlawful conduct occurred in, among other places, New Jersey.

## SUBSTANTIVE ALLEGATIONS

### Hertz Equipment and Its Business

11. Hertz Equipment's operations consist of the following:

    (a)    renting a full range of equipment to construction, homeowner and industrial customers;

      (b)      selling used equipment;

      (c)      selling merchandise, parts and supplies; and

      (d)      selling related services to complement the Company's equipment rentals and sales.

12. With respect to equipment rentals, Hertz Equipment rents on a daily, weekly and monthly basis a variety of light, medium and heavy equipment. The Company's rental inventory includes such equipment as aerial work platforms, air compressors, backhoes, loaders, dozers, excavators, trenching equipment, forklifts, generators and a variety of small tools, including, for example, torque wrenches. The mix of equipment offered from each of Hertz Equipment's locations varies based on the needs of the local market.

### Factual Allegations Related to Plaintiff

13. On or about October 14, 2004, Plaintiff rented an excavator from Hertz Equipment Store #325, 1409 Capital Boulevard, Raleigh North Carolina. (A copy of Plaintiff's Rental Contract with Hertz Equipment is attached hereto and incorporated herein by reference as Exhibit A.) Hertz Equipment Rental Corporation's Terms and Conditions are set forth on the "reverse side" of the Rental Contract. (See Exhibit A at 2.)

14. Pursuant to the "Original Invoice" sent to Plaintiff on or around October 25, 2004, see Exhibit B hereto, Plaintiff paid Hertz Equipment $1,400.00 to rent the excavator. In addition, Plaintiff was automatically charged a LDW of $196.00 and "Environmental Recovery Fees" of $3.50.

### Factual Allegations Related to Defendant

15. Upon renting from Hertz Equipment, Defendant provides its customers only a Rental Agreement. (See e.g. Exhibit A.) The Rental Agreement does not include a line item for the LDW charge, and is mentioned only in the fine print. Once a rental term is complete,

4

Defendant then later provides its customers an itemized Invoice with all charges. The Original Invoice for the first time contains a separate line item that lists the LDW charge. (See Exhibit B.)

16. The Rental Contract (Exhibit A at 1, hereto) states on the bottom on the front side, in miniature, extremely difficult to read font size, items relating to both LDW charge:

> LOSS AND DAMAGE WAIVER (LDW) IS NOT INSURANCE. The Charge for LDW is 14.00 % of gross rental charges. Customer accepts or declines LDW. If Customer accepts LDW, in consideration of the charge shown above, Lessor agrees to waive certain claims against customer for loss of or damage to Equipment, in accordance with the terms and conditions set forth in Paragraph 8, on the Reverse Side of this page and in the LOSS AND DAMAGE WAIVER GUIDE which Customer hereby acknowledges receiving.

17. Typed out, this section reads:

> LOSS AND DAMAGE WAIVER (LDW) IS NOT INSURANCE. The Charge for LDW is 14.00% of gross rental charges. Customer accepts of declines LDW. If Customer accepts LDW in consideration of the charge shown above, Lessor agrees to waiver certain claims against customer for loss of or damage to Equipment, in accordance with the terms and conditions set forth in Paragraph 8, on the Reverse Side of this page and in the LOSS AND DAMAGE WAIVER GUIDE which Customer hereby acknowledges receiving.

18. The back side of the Rental Agreement (Exhibit A at 2) states, in mostly miniature, extremely difficult to read font size, items relating to the LOSS AND DAMAGE WAIVER, at paragraph eight, as demonstrated:

> 8. LOSS AND DAMAGE WAIVER. If the Equipment is used in compliance with this Agreement and if Customer accepts the "Loss and Damage Waiver" option ("LDW"), which is NOT INSURANCE, at the beginning of the rental, and pays the additional charges for the LDW when due, then HERC agrees to waive, to the extent specified herein and in the "LOSS AND DAMAGE WAIVER GUIDE" provided herewith, Customer's responsibility to HERC under this Agreement for the loss of or damage to the Equipment exceeding the larger of the following applicable amounts: (a) $500 per item of Equipment; or (b) double the 4 week rental charge in effect on the date this Agreement is entered into, per item of Equipment, without regard to the rental period of this Agreement. HERC reserves the right to deny LDW to Customers. Customer must either accept and pay for LDW or provide a certificate of insurance showing protection for the equipment. NOTWITHSTANDING THE FOREGOING PROVISIONS OF THIS PARAGRAPH CUSTOMER WILL BE LIABLE FOR ALL RESULTING LOSS OR DAMAGE TO THE EQUIPMENT AND EXPENSE OF HERC, IF IT RESULTS FROM THE GROSS NEGLIGENCE OF CUSTOMER WHICH INCLUDES, BUT IS IN NO WAY LIMITED TO, THE USE OR OPERATION OF THE EQUIPMENT IN A RECKLESS OR ABUSIVE MANNER, OR INTENTIONAL DAMAGE TO THE EQUIPMENT BY CUSTOMER OR WITH CUSTOMER'S PERMISSION; OR UNDER ANY OF THE FOLLOWING CIRCUMSTANCES: (i) striking overhead objects with the Equipment; (ii) all loss and damage associated with vandalism, malicious mischief, theft or conversion of the Equipment, not documented by Customer's prompt filing with the applicable public authorities (with an immediate written copy to HERC) of a formal written theft, vandalism or conversion report; (iii) all loss of or damage to the Equipment resulting from any exposure to radioactive, contaminated or other hazardous materials; (iv) boom damage from overloading of a boom or from a collision when a boom is in motion; (v) all loss or damage associated with the Equipment's rollover or upset; (vi) use or operation of the Equipment by a person other than an Authorized Operator as defined herein; (vii) use or operation of the Equipment in violation of any law or ordinance; (viii) the failure of Customer to perform the basic maintenance required under Paragraph 4 of this Agreement; (ix) any other failure of Customer to comply with this Agreement; and (x) Customer's failure to secure the Equipment by leaving the keys readily available to any unauthorized operator or by not reasonably restricting access to the Equipment.
>
> If such charges for the LDW are not paid as specified in this Agreement, then, at HERC'S sole option, HERC may either terminate the rental agreement or continue the rental agreement; however, if the rental agreement is continued in effect, the LDW will not be in effect, and Customer will remain fully responsible for loss and damage to the Equipment.

19. Typed out, the Loss and Damage Waiver section reads as follows:

> 8. LOSS AND DAMAGE WAIVER. If the Equipment is used in compliance with this Agreement and if Customer accepts the "Loss and Damage Waiver" option ("LDW"), which is NOT INSURANCE, at the beginning of the rental, and pays the additional charges for the LDW when due, then HERC agrees to waive, to the extent specified herein and in the "LOSS AND DAMAGE WAIVER GUIDE" provided herewith, Customer's responsibility to HERC under this Agreement for the loss of or damage to the Equipment exceeding the larger of the following applicable amounts: (a) $500 per item of Equipment: or (b) double the 4 week rental charge in

5

effect on the date this Agreement is entered into, per item of Equipment, without regard to the rental period of this Agreement. HERC reserves the right to deny LDW to Customers. Customer must either accept and pay for LDW or provide a certificate of insurance showing protection for the equipment. NOTWITHSTANDING THE FOREGOING PROVISIONS OF THIS PARAGRAPH CUSTOMER WILL BE LIABLE FOR ALL RESULTING LOSS OR DAMAGE TO THE EQUIPMENT AND EXPENSE OF HERC, IF IT RESULTS FROM THE GROSS NEGLIGENCE OF CUSTOMER WHICH INCLUDES, BUT IS NO WAY LIMITED TO, THE USE OR OPERATION OF THE EQUIPMENTIA A RECKLESS OR ABUSIVE MANNER, OR INTERNAL DAMAGE TO THE EQUIPMENT BY CUSTOMER OR WITH CUSTOMER'S PERMISSION; OR UNDER ANY OF THE FOLLOWING CIRCUMSTANCES: (i) striking overhead objects with the Equipment; (ii) all loss and damage associated with vandalism, malicious mischief, theft or conversion of the Equipment, not documented by Customer's prompt filing with the applicable public authorities (with an immediate written copy to HERC) of a formal written theft, vandalism or conversion report; (iii) all loss or damage to the Equipment resulting from any exposure to radioactive, contaminated or other hazardous materials; (iv) booth damage from overloading of a boom or from a collision when a boom is in motion; (v) all loss or damage associated with the Equipment's rollover or upset; (vi) use or operation of the Equipment by a person other than an Authorized Operator as defined herein; (vii) use or operation of the Equipment in violation of any law or ordinance; (viii) the failure of Customer to perform the basic maintenance required under paragraph 4 of this Agreement; (ix) any other failure of Customer to comply with this Agreement; and (x) Customer's failure to secure the Equipment by leaving the keys readily available to any unauthorized operator or by not reasonably restricting access to the Equipment.

20. Likewise, the reverse side of the Rental Agreement (Exhibit A at 2) states, in mostly miniature, extremely difficult to read font size, a choice of law clause applying New Jersey law:

> 15. MERGER/MODIFICATION/SEVERABILITY. This Agreement expresses the entire agreement between the parties with respect to the subject matter hereof. No change, modification or alteration of the terms hereof will be effective as against HERC unless same is in writing and signed by a duly authorized officer of HERC. Customer's execution of this instrument and/or acceptance of delivery of any part of the Equipment to be furnished hereunder shall constitute Customer's acceptance of all of the terms and conditions contained herein, and the exclusion of any terms and conditions otherwise stated by Customer or contained in any of Customer's documents that conflict with or limit in any way any of the terms and conditions contained herein. The paragraph headings contained in this Agreement are for convenience only and will not be used to expand or limit the actual terms and conditions hereof.
>
> This Agreement shall be governed and construed by the laws of the STATE of NEW JERSEY, with the exception of collection, lien enforcement and bond claims ("Collections") for which the laws of Oklahoma shall govern. Customer consents to jurisdiction in the State and United States District Court, Western District, of Oklahoma for resolution of all Collections. If any provision, or any part of any provision of this Agreement or the application thereof is thereafter held invalid or unenforceable, the remainder of this Agreement shall not be affected thereby and to this end the provisions of this Agreement are declared severable.

21. The choice of law clause set forth above reads as follows:

> This Agreement shall be governed and construed by the laws of the STATE of NEW JERSEY, with the exception of collection, lien enforcement and bond claims ("Collections") for which the laws of Oklahoma shall govern. Customer consents to jurisdiction in the State and

6

> United States District Court, Western District, of Oklahoma for resolution of all Collections. If any provision, or part of any provision of this Agreement or the application thereof is thereafter held invalid or unenforceable, the remainder of this Agreement shall not be affected thereby and to this end the provisions of this Agreement are declared severable

22. The LDW charge imposed by Hertz Equipment is an unlawful, universally condemned "negative option" insofar as the LDW charge is automatically added to every rental transaction unless the consumer notices the charge and specifically asks it be removed.

23. The "negative option" aspect of the Loss and Damage Waiver Fee is highlighted by the following objective facts:

> a. The Loss and Damage Waiver Fee is automatically included by Hertz Equipment in *every* Rental Agreement, and
>
> b. The Rental Agreement is a pre-printed, boilerplate contract of adhesion that includes language which a reasonable consumer would read as *mandating* that the Loss and Damage Waiver Fee be paid.

24. Indeed, upon information and belief, even persons who can demonstrate that they have a certificate of insurance on file with Hertz Equipment are still charged the LDW.

25. The LDW charged by Hertz Equipment is simply a profit generator for Hertz Equipment and is, in reality, a hidden rental rate increase.

## CLASS ACTION ALLEGATIONS

26. Plaintiff brings this action on their own behalf and as a Class Action pursuant to Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the following proposed class:

> All natural persons and business entities who rented equipment from any store owned or operated by Hertz Equipment, and who paid a LDW charge (the "Class").

Upon completion of discovery with respect to the scope of the Class, Plaintiff reserves the right to amend the Class definition. Excluded from the Class are Defendant, its parents, subsidiaries

7

and affiliates, their directors and officers, and members of their immediate families. Also excluded from the Class are the Court, the Court's spouse, all persons within the third degree of relationship to the Court and its spouse, and the spouses of all such persons.[3]

27. <u>Numerosity</u>: The members of the Class are so numerous and geographically diverse that joinder of all of them is impracticable. While the exact number and identities of members of the Class are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes and therefore avers that there are hundreds of thousands of Class members throughout the United States.

28. <u>Commonality</u>: There are questions of fact and law common to members of the Class that predominate over any questions affecting any individual members including, *inter alia*, the following:

> a. Whether Hertz Equipment has a corporate policy of including LDW charges in Rental Agreements without disclosing they are optional and not mandatory;
>
> b. Whether the LDW charge constitutes a "negative option;"
>
> c. Whether Hertz Equipment's acts and practices constitute violations of New Jersey law;
>
> d. Whether Hertz Equipment's LDW acts and practices are deceptive and unfair;
>
> e. Whether Hertz Equipment's LDW acts and practices are unconscionable;
>
> f. Whether Hertz Equipment has been unjustly enriched through the activities described herein;
>
> g. Whether Plaintiff and the Class are entitled to a declaratory judgment that Hertz Equipment's conduct violated and/or continues to violate New Jersey law;
>
> h. Whether Hertz Equipment's acts and conduct of requiring the customer to enter into the Rental Agreement prior to furnishing the customer with the

---

[3] *See* Canon 3.C(3)(a) of the Code of Conduct for United States Judges.

   amount of any LDW is an unconscionable, deceptive and/or unfair practice that violates New Jersey law;

   i. Whether Plaintiff and the Class are entitled to damages, and if so, what is the proper measure of damages; and

   j. Whether Plaintiff and the Class are entitled to equitable relief, including injunctive relief to prohibit future use of the LDW charges.

29. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the other members of the Class in that Plaintiff alleges a common course of conduct by Defendant towards members of the Class. Plaintiff, like other members of the Class, has been charged a LDW. Plaintiff and the other members of the Class seek identical remedies under identical legal theories, and there is no antagonism or material factual variation between Plaintiff's claims and those of the Class. Indeed, according to the Rental Agreements, New Jersey laws govern the interpretation and validity of the form Rental Agreements.

30. <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's claims are coextensive with, and not antagonistic to, the claims of the other members of the Class. Plaintiff is willing and able to vigorously prosecute this action on behalf of the Class, and Plaintiff has retained competent counsel experienced in litigation of this nature.

31. Plaintiff brings this action under Rule 23(b)(3) because common questions of law and fact predominate over questions of law and fact affecting individual members of the Class. Indeed, the predominant issues in this action are whether Defendant is violating and has violated the law by charging customers for the LDW charge. In addition, the expense of litigating each Class member's claim individually would be so cost prohibitive as to deny Class members a viable remedy. Certification under Rule 23(b)(3) is appropriate because a class action is superior to the other available methods for the fair and efficient adjudication of this action, and Plaintiff envisions no unusual difficulty in the management of this action as a class action.

32. Plaintiff also brings this action under Rule 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to all members of the Class, thereby making final injunctive relief concerning the Class as a whole appropriate. In the absence of appropriate injunctive relief, Defendant will continue to unlawfully charge consumers illegal LDW charges. Defendant's uniform conduct towards Plaintiff and the other members of the Class makes certification under Rule 23(b)(2) appropriate.

## CAUSES OF ACTION

### COUNT I
### (Declaratory Judgment, NJ. Rev. Stat. 2A:16-50)

1. Plaintiff realleges and incorporates the preceding and subsequent paragraphs as if fully set forth herein.

2. Plaintiff has been aggrieved by the practices and acts of Defendant as herein described and an actual dispute exists of which Plaintiff has a stake in the outcome.

3. There is a bona fide present need for a declaration as a matter of law as to whether the LDW charge or the terms and conditions thereof constitute an unconscionable, unfair or deceptive act or practice under New Jersey law.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, respectfully requests that this Court enter a judgment against Defendant providing the following relief:

  A.  Declaring that Defendant's acts and practices in connection with the Loss and Damage Waiver Fee or the terms and conditions thereof are unlawful under N.J. Rev. Stat. § 56:8-2 of NJCFA and are therefore subject to the remedies contained under N.J. Rev. Stat. § 56:8-2.12;

  B.  For an order certifying the Class under the appropriate provisions of Rule 23, naming Plaintiff as the representative of the Class and their attorneys as Class counsel

C.  Awarding Plaintiff and the Class their reasonable attorneys' fees and costs; and

D.  Ordering any such further relief as the Court deems just and appropriate.

## COUNT II
### (Statutory Consumer Fraud)

4. Plaintiff realleges and incorporates the preceding and subsequent paragraphs as if fully set forth herein.

5. Plaintiff brings this claim pursuant to the New Jersey Consumer Fraud Act (NJCFA), which was enacted and designed to protect consumers against unfair, deceptive, or fraudulent business practices. *See, e.g.,* N.J. Rev. Stat. § 56:8-1 *et seq.*

6. N.J. Rev. Stat. § 56:8-2 provides:

> "The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact . . . whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice"

7. At all relevant times, Plaintiff, Class members and Defendant were "persons" within the meaning of N.J. Rev. Stat. § 56:8-1.

8. The products sold and rented by Defendant – for which LDW are imposed - are merchandise within the meaning of the NJCFA, and Plaintiff (and Class members) are consumers within the meaning of the NJCFA and thus entitled to the statutory remedies made available in the NJCFA.

9. Defendant violated N.J. Rev. Stat. § 56:8-2 by, *inter alia*, concealing and omitting material information known to Defendant in order to induce Plaintiff and other Class members to pay for and/or to not question the LDW charge described herein, including information about the LDW's purported benefits and/or requiring consumers to affirmatively decline the charge.

11

10. Through the actions described herein, Defendant engaged in a deceptive and/or unfair practice. Defendant's conduct constitutes unlawful, unfair and deceptive business practices within the meaning of the NJCFA.

11. The above-described unlawful, unfair and deceptive business practices by Defendant continue to present a threat to members of the consuming public.

12. As a result of the conduct described above, Plaintiff and Class have suffered ascertainable losses or damages in the form of payment of LDW charges.

13. Defendant's conduct has proximately caused ascertainable loss or damage to Plaintiff and Class members in an amount to be proven at trial.

WHEREFORE, Plaintiff, on its own behalf and those similarly situated, prays for entry of judgment as follows:

    A. For an order certifying the Class under the appropriate provisions of Rule 23, naming Plaintiff as the representative of the Class and their attorneys as Class counsel;

    B. Declaring that Defendant's conduct violates the NJCFA;

    C. Permanently enjoining Defendant from continuing to engage in acts and practices in connection with the LDW charge and the terms and conditions thereof, which are unlawful under N.J. Rev. Stat. § 56:8-2 of NJCFA and are therefore subject to the remedies contained under N.J. Rev. Stat. § 56:8-2.12;

    D. Awarding damages against Defendant in favor of Plaintiff and the Class in an amount to be determined by the Court as fair and just for the wrongful activities of Defendant described herein;

    E. Awarding Plaintiff and the Class prejudgment interest on any damages awarded by the Court;

    F. Awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of this lawsuit; and

    G. Awarding Plaintiff and the Class such further relief as this Court deems just and appropriate.

## COUNT III
### (Violation of Uniform Commercial Code, N.J. Rev. Stat. § 12A:2A-108)

14. Plaintiff realleges and incorporates the preceding and subsequent paragraphs as if fully set forth herein.

15. Plaintiff and the Class are lessees under a "consumer lease" made by Defendant within the meaning of N.J. Rev. Stat. § 12A:2A-108. The above-described LDW charges are "unconscionable" as a matter of law within the meaning of N.J. Rev. Stat. § 12A:2A-108, because Defendant requires a customer to enter into the Rental Agreement prior to furnishing the customer with the amount of any LDW charge; they are automatically assessed; Hertz Equipment does not disclose they are optional, that the LDW is sold through a "negative option", an improper business practice where consumers are stuck with a charge unless they expressly ask that it be excluded. The charging of an undisclosed and unsolicited LDW creates an absence of meaningful choice, and, in the totality of circumstances, creates an outrageous degree of unfairness.

16. Pursuant to N.J. Rev. Stat. § 12A:2A-108, among others, Plaintiff and other Class members are entitled to damages as set forth herein, including the return of all LDW charges paid, plus prejudgment interest and reasonable attorneys' fees.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, respectfully requests that this Court enter a judgment against Defendant providing the following relief:

A. For an order certifying the Class under the appropriate provisions of Rule 23, naming Plaintiff as the representative of the Class and its attorneys as Class counsel;

13

B. Declaring that Defendant's conduct violates Uniform Commercial Code, N.J. Rev. Stat. § 12A:2A-108 in that Defendant's LDW charges and the terms and conditions thereof are unconscionable as a matter of law;

C. Awarding damages against Defendant in favor of Plaintiff and the Class in an amount to be determined by the Court as fair and just for the wrongful activities of Defendant described herein;

D. Awarding Plaintiff and the Class prejudgment interest on any damages awarded by the Court;

E. Awarding Plaintiff and the Class their attorneys' fees and expenses and costs of this lawsuit; and

F. Awarding Plaintiff and the Class such further relief as this Court deems just and appropriate.

## COUNT IV
### (Unjust Enrichment)

33. In the alternative to the Breach of Contract claim, Plaintiff realleges and incorporates the preceding and subsequent paragraphs as if fully set forth herein.

34. Plaintiffs and the Class have conferred benefits on Hertz Equipment by paying LDW charges in connection with entering into the Rental Agreements.

35. Hertz Equipment has knowingly and willingly accepted these benefits from Plaintiff and the Class.

36. Under the circumstances, it is inequitable for Hertz Equipment to retain these benefits at the expense of Plaintiff and the other members of the Class.

37. Hertz Equipment has been unjustly enriched at the expense of and detriment of Plaintiff and the Class by wrongfully collecting money to which Hertz Equipment, in equity, is not entitled.

38. Plaintiffs and members of the Class are entitled to recover from Hertz Equipment all amounts wrongfully collected and improperly retained by Hertz Equipment, plus interest thereon.

39. As a direct and proximate result of Hertz Equipment's unjust enrichment, Plaintiffs and members of the Class have suffered injury and are entitled to reimbursement, restitution and disgorgement from Hertz Equipment of the benefits conferred by Plaintiff and the Class.

40. Plaintiff and the Class have no adequate remedy at law.

41. Plaintiff seeks to obtain a pecuniary benefit for the Class in the form of all reimbursement, restitution and disgorgement from Defendants. Plaintiff's counsel are entitled to recover their reasonable attorneys' fees and expenses as a result of the conference of a pecuniary benefit on behalf of the Class, and will seek an award of such fees and expenses at the appropriate time.

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, pray for relief and judgment against Defendants as follows:

    a. For an order certifying the Class under the appropriate provisions of Rule 23, as well as any appropriate subclasses, and appointing Plaintiffs and their legal counsel to represent the Class;

    b. Awarding reimbursement, restitution and disgorgement from Hertz Equipment of the benefits conferred by Plaintiffs and the Class;

    c. For pre- and post-judgment interest to the Class, as allowed by law;

    d. For reasonable attorneys' fees and costs to counsel for the Class if and when pecuniary benefits are obtained on behalf of the Class; and

e. Granting such other and further relief as is just and proper.

## COUNT V
### (Money Had and Received)

42. Plaintiff realleges and incorporates the preceding and subsequent paragraphs as if fully set forth herein.

43. As a result of the conduct alleged herein, Hertz Equipment has improperly received monies from Plaintiff and the Class the Company was not legally entitled to receive.

44. Plaintiffs and members of the Class have a claim for improperly paid LDW charges.

45. Equity and good conscience require that Hertz Equipment pay over such additional monies, described above, to Plaintiff and the Class.

46. As a direct and proximate result of Hertz Equipment's inappropriate practices, Plaintiff and members of the Class have suffered injury and are entitled to reimbursement, restitution and disgorgement in the amount necessary to restore them to the position they would have been in if Hertz Equipment had not improperly collected and retained the aforementioned fees.

47. Plaintiff seeks to obtain a pecuniary benefit for the Class in the form of reimbursement, restitution and disgorgement from Defendants. Plaintiff's counsel are entitled to recover their reasonable attorneys' fees and expenses as a result of the conference of a pecuniary benefit on behalf of the Class, and will seek an award of such fees and expenses at the appropriate time.

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, pray for relief and judgment against Defendants as follows:

a. For an order certifying the Class under the appropriate provisions of Rule 23, as well as any appropriate subclasses, and appointing Plaintiffs and their legal counsel to represent the Class;

b. Awarding reimbursement, restitution and disgorgement from Hertz Equipment of the benefits conferred by Plaintiffs and the Class;

c. For pre- and post-judgment interest to the Class, as allowed by law;

d. For reasonable attorneys' fees and costs to counsel for the Class if and when pecuniary benefits are obtained on behalf of the Class; and

e. Granting such other and further relief as is just and proper.

## JURY DEMAND

Plaintiff, individually and on behalf of members of the proposed class, hereby demands a trail by jury on all issues so triable.

**Dated**: August 15, 2006.                                     Respectfully submitted,

                                                     **DAVIS LANDSCAPE, LTD.,**
                                                     **Class Plaintiff**,

                                                     By: __/s/ Scott A. George_____
                                                           One of Its Attorneys

| | |
|---|---|
| **FREED & WEISS LLC** | **SHELLER, LUDWIG & BADEY** |
| PAUL M. WEISS | Jonathan Shub |
| *paul@freedweiss.com* | *jon@sheller.com* |
| WILLIAM M. SWEETNAM | One Greentree Centre, Suite 201 |
| *bills@freedweiss.com* | Route 73 & Greentree Road |
| 111 West Washington Street, Suite 1331 | Marlton, NJ 08053 |
| Chicago, Illinois 60602 | Phone: (856) 988-5590 |
| (312) 220-0000 | |
| | *Plaintiffs' Liaison Counsel* |

17

| | |
|---|---|
| **LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP** <br> DAVID J. GEORGE <br> *dgeorge@lerachlaw.com* <br> Stuart A. Davidson <br> *sdavidson@lerachlaw.com* <br> 197 South Federal Highway, Suite 200 <br> Boca Raton, Florida 33432 <br> (561) 750-3000 <br><br> *Attorneys for Plaintiff and Proposed Class* | Tod Aronovitz <br> ta@aronovtizlaw.com <br> Steven R. Jaffe <br> srj@aronovitzlaw.com <br> **ARONOVITZ TRIAL LAWYERS** <br> Museum Tower, Suite 2700 <br> 150 West Flagler Street <br> Miami, Florida 33130 <br> (305) 372-2772 <br><br> Stephen A. Dunn <br> **EMANUEL & DUNN, PLLC** <br> 130 South Salisbury Street <br> Raleigh, NC 27601 <br> (919) 832-0329 |