NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MIGUEL V. PRO AND DAVIS LANDSCAPE, LTD., a Pennsylvania corporation, and, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HERTZ EQUIPMENT RENTAL CORPORATION, a Delaware corporation,<br><br>Defendant. | **Hon. Dennis M. Cavanaugh**<br><br>**OPINION**<br><br>Civil Action No. 06-CV-3830 (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Plaintiffs Miguel V. Pro ("Pro") and Davis Landscape, Ltd. ("Davis," collectively "Plaintiffs") on behalf of themselves and a putative class for class certification pursuant to Fed. R. Civ. P. 23. After carefully considering the submissions of the parties, and based upon the following, it is the finding of the Court that Plaintiffs' motion for class certification is **granted**.

I.  **BACKGROUND**[1]

Plaintiffs bring this action to challenge the validity of two fees levied by Defendant Hertz Equipment Rental Corporation ("Defendant"). The two fees in question are, the Loss and Damage Waiver ("LDW") and the Environmental Recovery Fee ("ERF"). Plaintiffs claim that the LDW provides illusory benefits and that the ERF is a profit center for Defendant bearing no

---

[1] The facts set-forth in this Opinion are taken from the Parties' statements in their respective moving papers.

relationship to the environmental costs Defendant incurs. Plaintiffs filed an Amended Class Action Complaint ("Complaint") seeking monetary and injunctive relief for claims under New Jersey common law, the New Jersey Consumer Fraud Act, the New Jersey Uniform Commercial Code ("N.J. UCC") and breach of the implied covenant of good faith and fair dealing. Plaintiffs seek to certify a putative class consisting of all persons or business entities who rented equipment from Defendant and paid either the LDW or the ERF. Defendant has filed opposition to Plaintiffs' motion for class certification, arguing that Plaintiffs fail to satisfy the requirements of Fed. R. Civ. P. 23(a) and any of the subsections of Fed. R. Civ. P. 23(b).

**II.   STANDARD OF REVIEW**

To obtain class certification, a plaintiff must satisfy Federal Rule of Civil Procedure 23(a). Rule 23(a) provides that:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

These requirements are commonly referred to as numerosity, commonality, typicality, and adequacy of representation. Furthermore, a plaintiff seeking class certification must satisfy one of the subsections of Fed R. Civ. P. 23(b). Rule 23(b) requires a demonstrate that there is a threat of inconsistent, varying, or impeding adjudications against individual class members if the case is not adjudicated as a class action; that final injunctive or declaratory relief is appropriate for the class as a whole; or that common questions of law and fact predominate over individual inquiries

and a class action is the optimal way to fairly and efficiently adjudicate the controversy. See Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 613 (1997). In border line cases where there are doubts regarding whether a class is certifiable, certification should be resolved in the movant's favor. See Eisenberg v. Gagnon, 766 F.2d 770, 785 (3d Cir. 1985).

The Court of Appeals for the Third Circuit has recognized that "a thorough examination of the factual and legal allegations" may be necessary when deciding a motion for class certification. Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 259 F.3d 154, 166 (3d Cir. 2001). Such an inquiry into the merits is appropriate when "necessary to determine whether the alleged claims can be properly resolved as a class action." Id. at 168. Nonetheless, "it is not necessary for the plaintiffs to establish the merits of their case at the class certification stage" and "the substantive allegations of the complaint must be taken as true." Chiang v. Veneman, 385 F.3d 256, 262 (3d Cir. 2004). If the Court determines that proceeding with a class action is the most appropriate method of adjudicating this matter, then the Court must appoint class representatives and class council.

## III.  DISCUSSION

Defendant does not dispute the numerosity or commonality requirements of Fed. R. Civ. P. 23(a). Rather, Defendant's opposition rests on allegations that Plaintiffs have failed to satisfy the typicality and adequacy of representation requirements. Defendant also argues that Plaintiffs have failed to meet the applicable standards of Fed. R. Civ. P. 23(b).

### A. Typicality and Adequacy

#### i. The Claims Of The Named Plaintiffs Are Typical Of The Claims Of The Class.

Fed. R. Civ. P. 23(a)(3) requires that the "claims or defenses of the representative parties [be] typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "The threshold for satisfying the typicality prong is a low one." Barr v. Harrah's Entertainment, Inc., 242 F.R.D. 287, 292 (D.N.J. 2007) (citing Weisfeld v. Sun Chemical Corp., 210 F.R.D. 136, 140 (D.N.J. 2002)). Typicality is evaluated in terms of whether or not the "'named plaintiffs' claims are typical, in common sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class." Beck v. Maximus, Inc., 457 F.3d 291, 295 (3d Cir. 2006).

Plaintiffs' claims satisfy the typicality requirement in that Plaintiffs challenge the legality of Defendant's LDW and ERF fees as they were applied to all entities who purchased them. Plaintiffs represent both traditional types of Defendant's clients. Davis is characterized by the Defendant as an "account customer" and Pro is characterized by Defendant as a "walk up" or "cash customer." Plaintiffs assert claims based on Defendant's general practice regarding LDW and ERF fees. The class, if certified, would include only persons and or business entities that have paid one or both of the fees. Plaintiffs' as account and cash customers who paid both fees have claims that are typical of the claims of the class.

#### ii. The Named Plaintiffs Satisfy The Adequacy Elements.

The purpose of the adequacy requirement is to ensure that there are no "conflicts of interest between named parties and the class they seek to represent." Amchem Prods., 521 U.S. at

4

625; Newton, 259 F.3d at 185.

Defendant asserts that Plaintiffs are not adequate representatives of the class based on the proposition that when a proposed class representative is subject to a unique defense that is likely to be a major focus of the litigation, that representative does not meet the adequacy or typicality standards. Beck, 457 F.3d at 301. To utilize this rational, the burden is on the Defendant to "show some degree of likelihood a unique defense will play a significant role at trial." Id. at 300. To satisfy its burden, Defendant alleges that both proposed class representatives are subject to a voluntary payment defense that is unique to the facts of their claims. This defense however, is not necessarily unique to these two Plaintiffs and Defendant provides no evidence to substantiate that the defense is unique to the proposed class representatives.

Plaintiffs have raised claims which are representative of the interests of all proposed class members. Moreover, Plaintiffs share the same interests as all proposed class members in obtaining the relief sought in the Complaint. As such, Plaintiffs have established the requirements necessary to demonstrate adequacy under Fed. R. Civ. P.23(a) and are appointed as class representatives

**B.     Plaintiffs Satisfy Fed. R. Civ. P. 23(b)**

A plaintiff seeking class certification must demonstrate that one of the requirements of Fed. R. Civ. P. 23(b) is satisfied. Here, Plaintiffs seek certification of their claims for monetary relief (Counts II-VII) under Fed. R. Civ. P. 23(b)(3), and their claims for injunctive and declaratory relief (Counts I, II, and IV) under Fed. R. Civ. P. 23(b)(2).

5

### i.    Fed. R. Civ. P. 23(b)(3)

For class certification under Rule 23(b)(3), a court must find that "questions of law or fact common to [all] class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).  These two requirements are commonly referred to as predominance and superiority.

**a.    Predominance**

The central claim raised by Plaintiffs is that Defendant is selling products that provide almost no benefit at an excessively high price utilizing deceptive tactics.  Defendant asserts that Plaintiffs' claims, by necessity, require an individualized inquiry of every member of the proposed class to ascertain each proposed member's understanding and motivations regarding their purchase of the LDW and/or the EFR.  This is not the case, Plaintiffs argue that form contracts support their allegations and that Defendant utilized standardized sales tactics.  Plaintiffs' claims can be substantiated through the development of facts common to all class members without an individualized inquiry as to what each class member was told, motivated by, or believed when he or she purchased the LDW and/or the EFR.

Plaintiffs also argue that excessive overpricing can be demonstrated objectively through market analysis, and financial or economic data.  The United States Supreme Court's Amchem opinion supports Plaintiffs' position.  In Amchem, the Court noted that "[p]redominance is a test readily met in certain cases alleging consumer [] fraud..."  521 U.S. at 625.  Moreover, uniform,

scripted and standardized sales presentations have been found to substantiate fraud in class actions without raising individualized issues. See Krell v. Prudential Ins. Co. of Am. (in Re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions), 148 F.3d 283, 315 (3d Cir. 1998).

Defendant asserts that Plaintiffs cannot demonstrate predominance because its sales tactics were not standardized, thus a determination would need to be made as to what each class member understood when agreeing to purchase the LDW and/or paying the ERF. This argument is unpersuasive. The Third Circuit has established that the "presence of individual questions as to the reliance of each investor does not mean that the common questions of law and fact do not predominate." Krell, 148 F.3d at 315 (citing Eisenberg v. Gagnon, 766 F.2d 770, 786 (3d Cir. 1985)).

Assuming that Defendant did in fact use a form contract or variations on a form contract and standardized sales tactics, the questions raised by Plaintiffs' claims are common to all class members supporting a conclusion that they predominate any individualized considerations. The intentional use of fraudulent sales tactics alleged by Plaintiffs provides a central issue which supports class certification. It is well recognized that the mere existence of individual issues does not defeat class certification. In re: Prudential Inc. Co. Am. Sales Practice Litig. Agent Actions, 148 F.3d 283, 315 (3d Cir. 1998). The Supreme Court has noted that "predominance is a test readily met in certain cases alleging consumer or securities fraud." Amchem Products, 521 U.S. at 625. In the instant case, Plaintiffs have established that there are common issues of fact and law upon which Plaintiffs claims for relief are predicated. Plaintiffs have established that these common issues outstretch the individualized issues identified by Defendants. Therefore, the

7

predominance requirement has been met.

Defendant further argues that several defenses, including failure to mitigate, statute of limitations, absence of deception and voluntary payment raise individualized issues that defeat any claim of predominance. These defenses, if applicable, would apply to a majority of the class. These defenses do not raise issues that are so individualized that the common issues presented by Plaintiffs are overwhelmed. Given the strong public policy supporting the granting of class certification, the Court finds that the defenses raised do not warrant denial of class certification.

  **b.** **Superiority**

The superiority requirement asks a court "to balance, in terms of fairness and efficiency, the merits of a class action against those of 'alternative available methods' of adjudication." Georgine, 83 F.3d at 632. In determining whether a class action is superior to other available methods of adjudication, the Court looks to four (4) non-exhaustive factors:

> (A) the interest of members of the class individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

Fed. R. Civ. P. 23(b)(3).

Here, the first two factors support class certification. The size of the potential class suggests that individual suits would be overly burdensome for the Court and impracticable. The fact that no other complaints against Defendant raising the claims presented here have been filed

suggests a lack of interest in individually prosecuting claims, controlling the prosecution of the claims, or an inability for lessees to pursue individual causes of action against the Defendant. Lastly, the potentially small amount of damages experienced by individual class members indicates that it would not be cost effective for a lessee to individually seek relief.

The third factor not only supports certification of the class, it also supports application of New Jersey consumer fraud law to all potential class members. Defendant as a New Jersey corporation has its principal officers in New Jersey and most likely develops its policies in New Jersey. Therefore, it is appropriate for New Jersey to be the forum to adjudicate this matter. New Jersey "has a powerful incentive to insure that local merchants deal fairly with citizens of other states and countries." Boyes v. Greenwhich Boat Works, Inc., 27 F.Supp2d 543, 547 (D.N.J. 1998). This proposition has been reiterated by the Nafar v. Hollywood Tanning Systems, Inc. Court which established that New Jersey has a strong interest in having its law apply where a New Jersey based company's behavior outside of New Jersey will be effected by a court ruling. See 2008 WL 3821776 at *6 (D.N.J. August 12, 2008). Since Defendant is based in New Jersey and engages in activity across the country, it can be assumed that the results of this action will impact Defendant's nationwide behavior.

New Jersey law comports with the policies underlying consumer protection laws as established in all states. New Jersey consumer fraud law "is one of this nations strongest consumer protection laws and its application [to a multi state class] will not frustrate other state[s'] consumer protection law[s]." Nafar, 2008 WL 3821776 at *6. The states from which any potential class member comes have an interest in the application of their law. Nonetheless, the interest of these

9

states in the application of their law would not be frustrated through the application of New Jersey law because New Jersey law is one of the most protective consumer fraud laws in the United States. Therefore, because Defendant is a New Jersey Corporation and because New Jersey law will apply, New Jersey is the appropriate forum for the adjudication of this matter.

The fourth factor is manageability. Defendants assert that certification of Plaintiffs' proposed class will result in manageability problems because of choice of law issues. As addressed in the discussion regarding the third factor, there are no choice of law issues because New Jersey law will apply to all class members. Additionally, Plaintiffs' claims stem from lease agreements signed by the representative Plaintiffs and presumably the entire potential class. Defendant's standard form agreement contains a choice of law clause designating the law of New Jersey as the law that governs the lease. Case law distinguishes between two types of choice of law clauses, broad choice of law clauses and narrow choice of law clauses. Choice of law clauses that use the language "governed and construed by," as is the case here, are considered to be broad capturing both contract and tort claims, particularly tort claims that relate to the contract. See Sullivan v. Sovereign Bancorp, Inc., 33 Fed. Appx. 640, 642 (3d Cir. 2002); Core States Bank v. Signet Bank, 1996 WL 482909 at *5, n.3 (E.D. Pa. 1996). By contrast, choice of law clauses that use narrower language such as "construed under" are sometimes limited to contract claims and generally do not apply to tort claims that arise independent of the contract.

The Third Circuit in Core States Bank explained that the phrase "governed by, and construed in accordance with" "envisions claims other than those sounding in contract law." 1996 WL 482909 at *5, no.3. The same interpretative principals mandate the application of New Jersey

10

law in this case. Just as in Core States Bank, the Court here is presented with a broad choice of law clause. Defendant chose to use this "broad and all encompassing" clause. See Sullivan, 33 Fed. Appx. at 642. Defendant cites several non controlling cases for the proposition that its choice of law clause is narrow. In these cases, the plaintiffs asserted tort claims that could be decided without consideration of the terms of the contract at issue. These cases are distinguishable because the claims asserted were not as closely tied to the contract as the claims at issue here.

Defendant cities the Third Circuit case Black Box Corp. v. Markham, 127 Fed. Appx. 22, 25-26 (3d Cir. 2005) in support of the argument that its choice of law clause is narrow. The Black Box Corp. case is distinguishable because the central issue in that case was not the interpretation of the choice of law clause but rather whether plaintiffs waived their rights to assert the choice of law clause at all.

Defendant turns to the Uniform Commercial Code as codified in New Jersey at N.J.S.A. § 12A:2A-106(1) to argue that its choice of law clause does not apply to all class members. Defendant however, recognizes that in accordance with N.J.S.A. § 12A:2A-106(1), the form contract choice of law clause would apply to business entities that leased equipment from Defendant and all persons who leased equipment from Defendant for business purposes.

Plaintiffs respond to Defendant's invocation of the N.J. UCC by correctly arguing that Defendant cannot use the N.J. UCC to circumvent the broad choice of law clause in its own form contract. Plaintiffs point out that the Comment to N.J.S.A. § 12A:2A-106(1) explains that the intention of this section is to protect lessees from agreeing to an inconvenient forum or to the application of the law from a jurisdiction that has little effective consumer protection. In the

instant case, Defendant is trying to garner protection of a statute intended to protect its adversaries.

Defendant has selected the law of New Jersey to apply to controversies arising from its contract. Plaintiffs do not seek to challenge Defendants' selection thus waiving the application of N.J.S.A. § 12A:2A-106(1). Allowing Plaintiff to invoke N.J.S.A. § 12A:2A-106(1) would defeat the purpose of the statute. See Demitropoulos v. Bank One Milwaukee, 953 F. Supp. 974, 978 (N.D.Ill. 1997). In accordance with the Third Circuit's interpretation of the exact same language at issue here, Defendant's choice of law clause is controlling and encompasses all tort claims that may arise from the agreement. The law of New Jersey applies to all class members in accordance with Defendant's choice of law clause, applicable case law, public policy and the State of New Jersey's interest in having its law apply in cases such as this.

All large nationwide class actions present manageability issues. In this case, because New Jersey law applies to all class members, any manageability issues presented will be minimal and do not justify denial of class certification. This case focuses on core questions of law and fact which will resolve liability for the entire potential class. The four superiority factors listed in Fed. R. Civ. P. 23(b)(3) all support class certification. Therefore, class action is the best means of adjudicating this matter.

      C.     **Fed. R. Civ. P. 23(b)(2).**

Fed. R. Civ. P. 23(b)(2) applies to motions for class certification where the relief sought is injunctive or declaratory. Rule 23(b)(2) requires cohesion so that final injunctive or declaratory relief is appropriate with respect to the class as a whole. Barnes v. Am. Tobacco Co., 161 F.3d 127, 142 (3d Cir. 1998). Furthermore, 23(b)(2) class actions are limited to cases in which injunctive or

declaratory relief, not monetary relief, is the primary remedy sought.  Id.  Under Rule 23(b)(2), class certification is proper where "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive... or... declaratory relief."  Robinson v. Metro-North Communter R.R. Co., 267 F.3d 147, 162 (2d Cir. 2001).  "The (b)(2) class action is intended for cases where broad, class-wide injunctive or declaratory relief is necessary to redress a group-wide injury."

Here, Plaintiffs seek to enjoin Defendant from charging LDW and ERF fees.  Plaintiffs assert that Defendant has failed to act in a fair and lawful manner toward potential class members.  If Plaintiffs obtain the injunctive and declaratory relief sought, this relief would benefit the entire class.  As a result, the proposed class is cohesive.  Plaintiffs do seek money damages however, Plaintiffs' money damages claims do not subordinate its injunctive and declaratory claims.  Plaintiffs allege a wrong which it seeks to redress and prevent from occurring again.  Since the proposed class is cohesive and the relief sought would benefit all class members, Fed. R. Civ. P. 23(b)(2) certification is appropriate.

### D.     Fed. R. Civ. P. 23(g)

Fed. R. Civ. P. 23(g) Requires that the Court appoint class counsel when it certifies a class.  Class counsel must "fairly and adequately represent the interest[s] of the class.  Fed. R. Civ. P. 23(g)(4). Rule 23(g)(1)(A) lists four factors to be considered: "(I) the work counsel has done identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing

the class."

Plaintiffs propose that the Court appoint two law firms, Carella, Byrne, Bain, Gilgillan, Cecchi, Stewart & Olstein, P.C. and Freed & Weiss LLC as co-lead counsel. Both firms have done extensive work identifying and investigating Plaintiffs' claims. Both firms have experience prosecuting consumer class actions, have been designated as class counsel in federal courts, and are knowledgeable in class action and consumer law. Both firms have already expended significant resources in representing the class which evidences that they are willing to continue to do so. As required by Rule 23(g), the Court appoints the law firms of Carella, Byrne, Bain, Gilgillan, Cecchi, Stewart & Olstein, P.C. and Freed & Weiss LLC as co-lead council.

### IV.  CONCLUSION

For the reasons stated, it is the finding of the Court that Plaintiffs' motion for class certification is **granted**; Plaintiffs Miguel V. Pro and Davis Landscape, Ltd. are appointed Class Plaintiffs; and the law firms of Carella, Byrne, Bain, Gilgillan, Cecchi, Stewart & Olstein, P.C. and Freed & Weiss LLC are appointed co-lead council. An appropriate Order accompanies this Opinion.

       S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:        December  11 , 2008
Orig.:       Clerk
cc:          All Counsel of Record
             Hon. Mark Falk, U.S.M.J.
             File