NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MIGUEL V. PRO and DAVIS LANDSCAPE, LTD., a Pennsylvania corporation, and, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HERTZ EQUIPMENT RENTAL CORPORATION, a Delaware corporation,<br><br>Defendant. | **Hon. Dennis M. Cavanaugh**<br><br>**OPINION AND ORDER**<br><br>Civil Action No. 06-CV-3830 (DMC) |

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>:

  This matter arises upon request of the parties that this Court resolve a dispute pertaining to the Proposed Form of Notice to the Class (the "Notice") to be provided to class members in <u>Miguel V. Pro and Davis Landscape, Ltd. v. Hertz Equipment Rental Corporation</u>, Civil Action No. 06-3830 (DMC).

  Having certified a class in this matter on December 11, 2008, the Court requested that Plaintiffs submit a draft Form of Notice to Class Members. <u>See</u> Doc. Nos. 104, 126. Defendant objected to the draft Notice on two grounds. <u>See</u> Doc. No. 129. In response, Plaintiffs modified the proposed class notice and resubmitted it to the Court. <u>See</u> Doc. No. 130. Although Plaintiffs' revision resolved the parties' first disagreement, the parties still disagree as to the second issue, and have requested that this Court resolve the issue. <u>See</u> Doc. Nos. 130, 131. Specifically, they ask that

the Court determine whether the class claims are properly defined in the proposed Notice to class members.

Neither party has made a formal motion. Instead, the parties brought this dispute to the Court's attention via letters from counsel. The parties requested that a conference be held to resolve this matter. The Court declines, however, and issues this Opinion based upon the parties' submissions.

For the reasons stated below, the Court finds that the proposed Form of Notice meets the requirements of FED. R. CIV. P. 23(c).

## I. **BACKGROUND**[1]

HERC, a wholly owned subsidiary of The Hertz Corporation, rents a variety of construction and landscaping related equipment, vehicles and tools to various types of customers at approximately 280 branch locations across 40 states. In connection with its rentals, HERC offers customers the option to purchase a Loss and Damage Waiver ("LDW"), which provides a partial waiver of HERC's right to obtain compensation from a customer for loss of or damage to rented equipment. Additionally, HERC charges an Environmental Recovery Fee ("ERF") on rentals where the rented equipment or its maintenance involves the use of one or more substances that require special handling or disposal.

Plaintiff Davis Landscape, Ltd. ("Davis Landscape") is a landscape contractor based in Harrisburg, Pennsylvania. Davis Landscape has been a HERC customer since the 1990's and has purchased HERC's LDW and paid the ERF in connection with some of its rentals. At times, Davis

---

[1] The brief recitation of facts contained in the "Background" section are taken from the parties' filings.

Landscape has declined LDW and instead provided a qualifying Certificate of Insurance, as permitted for account customers by HERC's Rental Agreement. Davis Landscape has never made a claim under HERC's LDW.

Plaintiff Miguel Pro ("Pro") is an individual who resides in Corpus Christi, Texas. Pro rented a skidsteer (a relatively small, tractor-like piece of equipment used for excavation) from HERC in October 2006. Pro purchased LDW and paid the ERF in connection with his single HERC rental. Pro has never made a claim under HERC's LDW.

Davis Landscape commenced this consumer fraud class action on August 15, 2006. On November 16, 2006, Plaintiffs filed their First Amended Complaint ("FAC"), which, among other things, added Pro as a plaintiff and proposed class representative. The FAC alleged, in sum, that (1) HERC has a uniform policy of automatically charging customers for LDW, never disclosing to customers that LDW is, in fact, optional; (2) LDW is a "negative option" that a customer can only decline by showing proof of $1 million in insurance coverage and requesting the removal of LDW charges from its bill; (3) HERC requires customers to enter into rental contracts without informing them of the amount of the LDW charge; (4) HERC "broadly interprets the LDW's exclusions to limit coverage and/or exclude claims", "effectively negat[ing] coverage" and rendering LDW illusory; and (5) ERF is a sham because "Hertz Equipment does not engage in any activities in connection with its rental business that are designed to protect the environment."

For almost two years following the commencement of the action, the parties engaged in extensive class certification discovery. On May 1, 2008, Plaintiffs filed their Motion to Certify a Class. On December 11, 2008, over HERC's objection, the Court granted class certification.

On September 16, 2009, Plaintiffs submitted a Proposed Form of Notice to the Class. See

Doc. No. 126. On September 17, 2009, Defendant HERC objected to the substance of the Notice. See Doc No. 127. Specifically, Defendant asserted that (1) the Notice misleadingly suggests that class members have an absolute right to opt out and avoid the *res judicata* effect of a judgment in this action, even though there is no opt out right for claims this Court certified pursuant to Rule 23(b)(2) of the FEDERAL RULES OF CIVIL PROCEDURE; and (2) the class claims, issues and defenses are not defined in the Notice in the manner required under Third Circuit precedent. Id. On September 28, 2009, Plaintiffs responded to Defendant's objections, and notified the Court that it had modified the Notice to reflect Defendants first objection.[2] The parties disagree with respect to the second issue.

## II. DISCUSSION

The dispute arises out of HERC's objection to the proposed class notice on the ground that the description of the class claims, issues and defenses in the notice does not meet the standards set forth in the Third Circuit's opinions in Wachtel v. Guardian Life Ins. Co. of Am., 453 F.3d 179 (3d Cir. 2006) and Nafar v. Hollywood Tanning Systems, Inc., No. 08-3994, slip op. at 7 (3d Cir. Aug. 5, 2009). See Doc. No. 129. HERC argues that proper class notice cannot issue unless the Court provides a clear definition of the class claims, issues and defenses. Plaintiffs, in turn, assert that the Class Certification Order (and thus the Notice) provide a clear, unambiguous and concrete description of the relevant claims, issues and defenses. Plaintiffs contend that the proposed notice to class members is sufficient under Rule 23.

---

[2] Plaintiff agreed to reconsider the proposed notice and make modifications. Plaintiff, however, also noted that the objection had not previously been raised by Defendants when Plaintiffs originally submitted a draft form of notice to the Court.

After certifying the class on December 11, 2008, the Court issued an accompanying Order defining the class as:

> All natural persons and business entities who rented equipment from any store owned or operated by Hertz Equipment Rental Corporation or its licensees, and who paid a Loss/Damage Waiver charge and/or an Environmental Recovery Fee.

The claims to receive class treatment were defined as:

a. A claim for declaratory judgment that the LDW charge and ERF are unconscionable, unfair, or deceptive practices under New Jersey law; and

b. A claim that these charges violate the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1 et seq. in that they are unfair, unconscionable, and deceptive practices.

HERC argues that the Court's Class Certification Order of February 3, 2009 (amending the Court's Opinion of December 11, 2008) failed to adequately define the claims to receive class treatment.

### A. APPLICABLE LAW

Pursuant to FED. R. CIV. P. 23(c)(1)(B), a district court's "order certifying a class action must define the class and the class claims, issues, or defenses . . . ." Following the issuance of the Order, the Court must direct to class members notice that "clearly and concisely state in plain, easily understood language" the nature of the claims and other key information regarding the class action suit.

Rule 23 contains explicit guidelines for district courts in certifying classes, and for initiation and progressing through class actions. Subsection (c) pertains to certification of the class, and covers certification orders and the subsequent notice to class members. The relevant portion of the Rule is excerpted below:

    (c) Certification Order; Notice to Class Members; Judgment; Issues Classes; Subclasses.

      (1) Certification Order.
        (A) Time to Issue. At an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action.
        (B) Defining the Class; Appointing Class Counsel. An order that certifies a class action must define the class and the class claims, issues, or defenses, and must appoint class counsel under Rule 23(g).
        (C) Altering or Amending the Order. An order that grants or denies class certification may be altered or amended before final judgment.

      (2) Notice.
        (A) For (b)(1) or (b)(2) Classes. For any class certified under Rule 23(b)(1) or (b)(2), the court may direct appropriate notice to the class.
        (B) For (b)(3) Classes. For any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must clearly and concisely state in plain, easily understood language:

          (i) the nature of the action;
          (ii) the definition of the class certified;
          (iii) the class claims, issues, or defenses;
          (iv) that a class member may enter an appearance through an attorney if the member so desires;
          (v) that the court will exclude from the class any member who requests exclusion;
          (vi) the time and manner for requesting exclusion; and
          (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(b) (emphasis added).

The requirements of Rule 23 with respect to Certification ordered and Notice were considered by the Third Circuit in <u>Wachtel v. Guardian Life Ins. Co. of Am.</u>, 453 F.3d 179, 184 (3d Cir. 2006). The Court explained that "class certification orders" require "a clear and complete summary of those claims, issues, or defenses subject to class treatment." <u>Id.</u> at 184.

    **B.**    **ANALYSIS**

Defendant argues that the Court's Amended Class Certification Order of February 3, 2009 (in conjunction with the Court's Opinion of December 11, 2008) did not satisfy the requirements of

FED. R. CIV. P. 23. The Court disagrees.

In <u>Wachtel</u>, the Third Circuit reviewed an opinion/order certifying a class, and determined that the district court's "discussion of class claims, issues, or defenses is unclear, intermittent, and incomplete, and nothing in the Order evidences an intent to explicitly define which claims, issues, or defenses are to be treated on a class basis for the remainder of the litigation." 453 F.3d at 189. It determined that mere statements made in passing in the Court's certification opinion were insufficient to satisfy Rule 23(b), as these statements were "general, non-exclusive statements that fail to articulate the particular claims asserted by Plaintiffs." Specifically, it found that "neither statement mentions any legal provisions allegedly violated by [the defendant]; both statements are made in the course of analysis that is distinct from analysis meant to define class claims, issues, or defenses; and as a practical matter, neither statement addresses with any precision or formality which claims, issues, or defenses will be litigated on a class basis moving forward." <u>Id.</u>

The Third Circuit's ruling in <u>Wachtel</u> does not indicate to this Court that the notice of class claims is inappropriate here. In fact, in the Court's supplemental opinion, it explicitly intended to address the class certification deficiencies observed in <u>Wachtel</u>. In so doing, the Court defined the claims to be litigated on a class basis as:

> a.  A claim for declaratory judgment that the LDW charge and ERF are unconscionable, unfair, or deceptive practices under New Jersey law; and
>
> b.  A claim that these charges violate the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1 et seq. in that they are unfair, unconscionable, and deceptive practices.

This statement, then, (1) mentions the legal provisions allegedly violated by Defendant, (2) is made in a separate portion of the opinion/order wherein the Court specifically defines class claims, issues, or defenses (i.e., the statements are not simply mentioned in passing in the Court's accompanying

Opinion), and (3) states with precision which claims will be litigated on a class basis moving forward. Accordingly, the Court's Amended Order, in conjunction with the Court's initial Opinion/Order certifying a class, is in accordance with the guidance of the Third Circuit in Wachtel.[3] Accordingly, the Court's Certification Order, as well as the Plaintiff's proposed notice, satisfy the requirements of Rule 23.

### III. CONCLUSION

For the reasons stated, the Court finds that Plaintiffs' revised proposed Notice to Class Members clearly and concisely states in plain, easily understood language the nature of the class and the class claims, and meets the dictates of FED. R. CIV. P. 23.

**SO ORDERED** this 5th day of April, 2010.

                                                   S/ Dennis M. Cavanaugh
                                                   DENNIS M. CAVANAUGH, U.S.D.J.

Orig.:       Clerk
cc:          All Counsel of Record
              Hon. Mark Falk, U.S.M.J.
              File

---

[3] As the Third Circuit instructed in Wachtel:

> To be sure, no particular format is necessary in order to meet the substantive requirement of the Rule, and we will not set aside substantively conforming certification orders purely over matters of form. That said, we reiterate our holding that the list of claims, issues, or defenses to be treated on a class basis must be readily discernible from the text of the order or memorandum opinion, and we note that in future cases, the appearance within a certification order of a concise paragraph -- similar to paragraphs often drafted to define the class itself and fully listing the claims, issues or defenses to be treated on a class basis -- would come well within the parameters of the 'readily discernible' requirement.

453 F.3d at 188 n.10.