UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MIGUEL V. PRO and DAVIS LANDSCAPE, LTD., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>HERTZ EQUIPMENT RENTAL CORPORATION,<br><br>Defendant. | Civil Action No. 06-3830(DMC)<br><br>**PRELIMINARY<br>APPROVAL ORDER** |

THIS MATTER having come before the Court for consideration of the parties' Joint Motion for Preliminary Approval of Class Action Settlement, in accordance with the parties' Settlement Agreement dated 3/6, 2013 (the "Settlement Agreement"). The terms used in this Order that are defined in the Settlement Agreement shall have the same meaning as set forth in the Settlement Agreement.

WHEREAS, the Court finds that it has personal jurisdiction over the parties, has subject matter jurisdiction over this action under 28 U.S.C. §1331, and that venue is proper in this District; and

WHEREAS, the Court finds: the Settlement Agreement was entered into at arms' length by experienced counsel after extensive negotiations lasting several months, facilitated by the assistance of court-appointed mediator Hon. (Ret.) William Wertheimer, and the Settlement Agreement is not the result of collusion; and

WHEREAS, this Court has fully considered the Settlement Agreement, the exhibits thereto, and the motion submitted in support of its preliminary approval, and being fully advised in the premises,

IT IS THIS 15th day of March, 2013

ORDERED as follows:

1. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the terms of the Settlement Agreement, including all exhibits hereto, are preliminarily approved as fair, reasonable, and adequate, subject to further and final consideration at the Final Approval Hearing provided for below.

2. **The Class.** On a preliminary basis and solely for settlement purposes, the Court expands the Class – previously certified in the Court's December 11, 2008 Order, as amended on February 3, 2009 (the "Class Certification Order") – to include the time period through the date of this Order.

    a. Accordingly, pursuant to Fed. R. Civ. P. 23, the Court certifies the following Class: "all natural persons or business entities, other than National Account Customers, who rented equipment from any rental location owned or operated by HERC in the United States between August 15, 2000 and the Preliminary Approval Date, and who paid a Loss/Damage Waiver charge and/or an Environmental Recovery Fee."

    b. The Court finds that the expanded duration of the Class does not alter or affect the findings the Court previously made in its Class Certification Order, in which the Court concluded that the Plaintiffs' class satisfies the numerosity, commonality, typicality, and adequacy of representation

        requirements under Federal Rule of Civil Procedure 23(a); and the Court found that certification is proper under Rule 23(b)(3), as the common issues in the case predominate over any individual ones and resolution of this case as a class action is superior to other methods of adjudication. Accordingly, the Court's prior findings are hereby incorporated as a part of the instant Order, and – solely for purposes of settlement – the Court finds that the Class may be maintained as a class action pursuant to Fed. R. Civ. P. 23.

   c.    Plaintiffs Miguel V. Pro and Davis Landscape, Ltd. are hereby appointed as Class Representatives for the Class.

   d.    The following lawyers and law firms are hereby appointed as co-lead counsel for the Class: James E. Cecchi, Lindsey H. Taylor, and Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C; Paul M. Weiss, Richard J. Burke, and Complex Litigation Group LLC (formerly Freed & Weiss LLC); and Jonathan Shub, Scott Alan George, and Seeger Weiss.

   e.    In the event that the Settlement Agreement does not become effective, the Class defined in this Order will be vacated, the class will revert to the Class certified by the Class Certification Order, and the Parties will reserve all rights, including the right to argue that the class should be decertified or expanded.

3.    **The Notice Plan.** The Court hereby approves the Parties' proposed notice plan as set forth in the Settlement Agreement and its exhibits. Specifically, the Court finds that the forms of Notice for Class Members who received prior notice, for Class Members who did not

receive prior notice, and the Election of Benefits Form – which are attached as Exhibits __ to the parties' Settlement Agreement – clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the proposed Class; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the Court will exclude from the class any member who has not previously been given an opportunity to request exclusion who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3). Further, the Court finds that the proposed Notice Plan provides for the best notice that is practicable under the circumstances and that it complies fully with the requirements of Federal Rules of Civil Procedure, the United States Constitution (including the due process clause), and any other applicable law. Accordingly, the Court directs the parties to implement the notice plan. In addition, Defendant shall distribute or cause to be distributed appropriate notice(s) pursuant to 28 U.S.C. § 1715.

4. **Selection of the Settlement Administrator.** The Parties are authorized to select a Settlement Administrator, as provided in the Settlement Agreement, and submit to the Court the selection of the Settlement Administrator for approval.

5. **Declaration of Compliance**. The Settlement Administrator is hereby ordered to prepare a declaration attesting to the compliance with the mailing, address updating, and publication requirements of the Notice Plan, and to file such declaration with the Court no later than ten (10) days prior to the Final Approval Hearing.

6. **The Final Approval Hearing.** A hearing (the "Final Approval Hearing") is hereby scheduled before this Court on __18 JUNE 2013__ [DATE OF PRELIMINARY APPROVAL + 90 DAYS], 2013 at __9:30 AM__ [TIME], for the following purposes:

    a.    to consider the parties request that the Court enter the Final Approval Order approving the Settlement;

    b.    to consider any objections to the Settlement Agreement, and to determine finally whether the Settlement Agreement is fair, reasonable, and adequate;

    c.    to determine whether the Final Approval Order as provided for under the terms of the Settlement Agreement should be entered, to determine whether releases should be provided as defined and set forth in the Settlement Agreement, and to determine whether the preliminary injunction provided for in Paragraph 20 of this Order should be made permanent;

    d.    to consider any motion(s) which Class Counsel may file for attorneys' fees and cost, including to resolve any disputes among the parties as to the timing of payment of those fees, and the amount of each payment;

    e.    to approve the form of the guarantees and indemnities to secure any payment to Class Counsel prior to the Effective Date of the Settlement; and

    f.    to rule upon such other matters as the Court may deem appropriate.

7.    The Court reserves the right to continue or adjourn the Final Approval Hearing from time to time without further notice to Class members.

8.    At the Final Approval Hearing, class members may be heard orally if they have timely submitted written objections in opposition to the settlement. If a Class member hires an

attorney to represent him or her at the Final Approval Hearing, he or she must do so at his or her own expense.

9. **Objections**. Only Class members may object to the settlement. Any Class Member wishing to object to or to oppose the approval of this Settlement and/or the Fee and Cost Application shall file a written objection (with a statement of reasons) with the Court and serve it on the Settlement Administrator and all Parties at least twenty-one (21) days before the date of the Final Approval Hearing. To be considered, the written Objection must state:

    a. The name and address of the objector, and objector's counsel if any;

    b. Attach documents sufficient to establish the Objector's membership in the Class;

    c. The factual and legal basis of each objection(s);

    d. The names and address of any and all witnesses the objector intends to call to testify at the Final Approval Hearing in support of the Objection; and,

    e. Whether the objector intends to appear at the Final Approval Hearing in person or through counsel.

    f. Whether the Objector has filed, solely or in concert with any other party, any objections to any other class action settlements within the past five years.

10. No later than seven (7) days before the Final Approval Hearing, the Parties shall file with the Court their responses to any objections.

11. Any Class member who does not make an objection in substantially the manner provided in this Order shall be deemed to have waived any objection and shall forever be

foreclosed from (a) making any objections to the fairness, adequacy, or reasonableness of the settlement and (b) making any objections to the fairness and reasonableness of the fee award.

12. Class Counsel shall submit papers in support of final approval of the Settlement no later than 7 days before the date of the Final Approval Hearing.

13. **Claims**. To be timely, an Election of Benefit Forms submitted by a Class Member must be received by the Settlement Administrator on or before _____ [90 days after the completion of the mailing of notice]. The Notices shall advise Class Members of this deadline.

14. **Fee Award Application**. Class Counsel's final application for any Fee Award, and documents in support thereof, shall be filed with the Court no later than 21 days prior to the date on which objections are due.

15. **Requests for Exclusion**. Those members of the Class who were previously sent notice of this Court's Class Certification Order shall be offered the opportunity to exclude themselves from the class, as provided in the notices attached to the Settlement Agreement. No request for exclusion will be considered unless they are received by the Settlement Administrator at least twenty-one (21) days before the Final Approval Hearing.

16. **No Second Chance to Opt-out**. The Court has previously permitted members of the class defined in the Class Certification Order to request to be excluded from the case. All individuals who requested to be excluded from the case remain excluded, and they will not be permitted to participate in the Settlement. The Court finds that the members of the class defined in the Class Certification Order who did not previously request to be excluded from the class are not entitled to a second opportunity to exclude themselves from the Class pursuant to Rule 23(e)(4).

17. **Report of Exclusions**. The Settlement Administrator is hereby ordered to prepare and deliver to the Parties' Counsel, and the Class Counsel is hereby ordered to file with the Court, a Report stating the total number of persons who have submitted timely and valid requests for exclusion from the Class, including all those who previously requested exclusion, no later than ten (10) days before the Final Approval Hearing.

18. All Class members who have not or do not request to be excluded from the class shall be bound by the applicable determinations and orders, and the Final Approval Order, whether favorable or unfavorable to any of them.

19. The Court finds preliminarily that the changes to HERC's business practices, including the proposed changes to the Loss/Damage Waiver disclosures and Environmental Recovery Fee disclosures as set forth in Exhibit A to the Settlement Agreement, are sufficient to cure the deficiencies alleged or claimed by the named Plaintiffs and the Class.

20. Pending final determination of whether the settlement should be approved, the current action is hereby stayed (other than such proceedings as are related to the Settlement), and the Plaintiffs, all Class members, and each of them, and anyone who acts or purports to act on their behalf, are preliminarily enjoined from instituting, commencing, or prosecuting against HERC any action which asserts claims that have been settled in the Settlement Agreement.

21. The Court retains jurisdiction over all claims asserted in the Litigation arising out of or connected with the settlement.

22. In the event that the Effective Date of the Settlement Agreement occurs, all Class members will be deemed to have forever released and discharged the Released Claims. In the event that the Effective Date does not occur for any reason whatsoever, the Settlement Agreement, the proposed Settlement, and all related proceedings shall be deemed void and shall

have no force or effect whatsoever; the action shall thereupon revert to its respective procedural and substantive status prior to the date of execution of the Settlement Agreement and shall proceed as if the Settlement Agreement and all other related orders and papers had not been executed.

23. Neither this Order, the Settlement Agreement, any other settlement-related document, anything contained herein or therein or contemplated hereby or thereby, nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other settlement-related document, shall constitute, be construed as or be deemed to be evidence of or an admission or concession by Defendant as to the validity of any claim that has been or could have been asserted against any or all of them or as to any liability by any or all of them as to any matter set forth in this Order, or as to the propriety of class certification for any purposes other than for purposes of the current proposed settlement.

*/s/ Dennis M. Cavanaugh*
DENNIS M. CAVANAUGH, U.S.D.J.